*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* LOGAN BENJAMIN GARNER SPECIAL NEEDS TRUST.

KEYBANK NATIONAL ASSOCIATION,

        Appellant,

v

BARBARA BAKEROMEROD, Successor Trustee,

        Appellee.

UNPUBLISHED
May 5, 2022

No. 356824
Shiawassee Probate Court
LC No. 13-035924-TT

Before: BOONSTRA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

BOONSTRA, P.J. (*concurring in part and dissenting in part*).

I fully concur in Part II.B.2. of the majority opinion and in its conclusion that the trial court erred by appointing appellee Barbara BakerOmerod as successor trustee; I therefore concur in remanding for the court to appoint a successor trustee in the manner designated by the trust. I would go farther, however, because I believe the trial court also erred by removing appellant KeyBank National Association as trustee; therefore, I respectfully dissent from Part II.B.1. of the majority opinion, and instead would remand on that issue as well.

MCL 700.7706 specifies the statutory grounds for removal of a trustee:

> (1) The settlor, a cotrustee, or a qualified trust beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on its own initiative.

> (2) The court may remove a trustee if 1 or more of the following occur:

> (a) The trustee commits a serious breach of trust.

(b) Lack of cooperation among cotrustees substantially impairs the administration of the trust.

(c) Because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the purposes of the trust.

(d) There has been a substantial change of circumstances, the court finds that removal of the trustee best serves the interests of the trust beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available.

The trial court specified none of these statutory grounds as a basis for its decision to remove appellant as trustee. And while the majority does a yeoman's job of filling in the blanks of what it believes must have been the trial court's reasoning, I do not believe that we should be filling in those blanks. Instead, I would remand for the trial court to follow the statute and make explicit its reasoning.

Nothing in the current record provides any indication whether the trial court even considered the statutory requirements of MCL 700.7706. The issue had never been raised or briefed by the parties. Between 2008 and 2020, the trial court (or its predecessor in the Washtenaw Circuit Court) approved twelve petitions to allow the annual account filed by the trustee. The first five petitions were approved in Washtenaw County; the last seven petitions were approved by the trial court in Shiawassee County. Until the filing of the eleventh petition, the trial court does not appear to have questioned any of the annual accounts. Upon the filing of the petition for the eleventh account, the trial court sua sponte raised concerns about whether this particular trust could afford this particular trustee. Ultimately, however, it allowed the eleventh account. It also allowed the twelfth account in 2020, but simultaneously (and again sua sponte) removed appellant as trustee.

The majority surmises that the trial court must have concluded that there had been a "persistent failure of the trustee to administer the trust effectively," MCL 700.7706(2)(c). I am far from certain of that at this juncture. I am also far from certain that the trial court's concerns about affordability satisfy the statutory requirement, at least at this time. I would therefore remand to allow the parties to brief the issue in the trial court, for the trial court to evaluate the statutory requirements and in particular to evaluate how the trial court's concerns about affordability relate to the requirement that the trustee "administer the trust effectively," for the trial court to evaluate whether—particularly in the face of twelve approved accounts—any ineffectiveness in the administration of the account has been shown to be "persistent," MCL 700.7706(2)(c), and for the trial court then to facilitate appellate review by articulating its reasoning in the context of the statute.

/s/ Mark T. Boonstra